## PETER MINTENER LUMBER CO. v. HARVEY.

Where, in an action on an account, defendant pleaded part payment by delivery of a check for $500 on June 7, 1906, which was paid by the drawee bank on the 9th, for which defendant had never been given credit, and it appeared that defendant had received credit for the check, evidence that plaintiff had made another payment of $500 on June 6th, presumably in currency, for which he had not received credit, was inadmissible, as not within the issues.

(Opinion filed June 28, 1911.)

Appeal from Circuit Court, Beadle County. ALVA E. TAYLOR, Judge.

Action by the Peter Mintener Lumber Company against Robert Harvey. Judgment for plaintiff for less than the relief demanded, and it appeals. Reversed.

*Gardner, Fairbank & Churchill,* for appellant. *A. W. Wilmarth,* for respondent.

HANEY, J. It is established by the pleadings that the plaintiff is a corporation dealing in lumber and building material and that the defendant is a contractor and builder. The complaint contains two counts. In one it is alleged that the defendant is indebted to the plaintiff in the sum of $420, with interest, the balance of an account for lumber and material sold and delivered at defendant's instance and request between November 8 and December 16, 1906, and use in constructing a dwelling for William and Lulu Brass. In the other it is alleged that the defendant is indebted to the plaintiff in the sum of $488.35, with interest, the balance of an account for lumber and material sold and delivered at defendant's instance and request between October 7 and December 11, 1907, and used in constructing a dwelling for Arthur N. Holbrook. The answer admits that defendant bought lumber and material of the value alleged in the complaint. It contains two divisions, stated as counterclaims. In the first it is alleged that the defendant paid the plaintiff $500 on June 7, 1906, by the delivery of a check which was paid by the James Valley Bank June 9, 1906, for which the defendant has never been given credit. In the second it is alleged that the plaintiff is indebted to the defendant in the sum of $35.30 for certain items of labor, and material not de-

livered, under contracts other than those mentioned in the complaint. Wherefore the defendant demands judgment on his counterclaims for $500, with interest, from June 7, 1906; for $35.30, with interest, from June 7, 1907; and tenders $336 as the balance due the plaintiff after allowing defendant's counterclaims and costs to time of answering. Plaintiff's reply admits the delivery of the check alleged in the first counterclaim, and denies that defendant has not been given credit therefor. It admits that defendant performed certain labor for the plaintiff, and alleges he would have received credit for the same if he had ever rendered an account thereof. Before the trial began the defendant offered to allow judgment for $350 and costs to May 25, 1908, which offer was declined. A verdict having been returned in favor of the plaintiff for $283.87 and interest, $63.58, aggregating $347.45, judgment was rendered in favor of the plaintiff for that sum; the costs and disbursements being taxed in favor of the defendant, he having tendered more than the amount of the verdict. Subsequently plaintiff's application for a new trial was denied, and this appeal taken.

Aside from the second counterclaim, concerning which there is no controversy in this court, the only issue raised by the pleadings was whether the defendant had been given credit for the check delivered June 7, and paid June 9, 1906. It clearly appears from the evidence that the plaintiff received credit for this check, the only one delivered at or near the time alleged. Therefore the sole issue presented by the pleadings should have been determined in favor of the plaintiff; but the court permitted the defendant to testify, over proper and timely objections, that he paid the plaintiff $500 on June 6, 1906, presumably in currency, and charged the jury as follows: "Now as to this item of $500, it is for you to determine, from all of the evidence, whether there was one payment, or two payments, of that amount; if only one payment, then the plaintiff is right, and no further credit can be required by defendant. If you find from the evidence that two payments of $500 were made, then the defendant is entitled to a further credit on the accounts for this amount." To this instruc-

tion, and others of similar import, proper exceptions were preserved. So the real controversy between these parties, as disclosed by the evidence, is whether defendant made two paymnts of $500 on or about Jun 7, 1906, or only one, while the controversy, as stated in the pleadings, is whether defendant was given credit for a particular check, the receipt of which is admitted. If defendant had alleged the payment of $500, on or about June 7th, for which he had not received credit, the real issue would have been presented, and the ruling of the trial court on the admission of evidence and its instructions clearly would have been correct. Under such a plea, proof of the delivery of money or a check subsequently paid would have been relevant. But in this instance the defendant alleged the delivery and subsequent payment of a check, and when it appeared that he had received credit therefor he proceeded to offer evidence tending to prove an entirely different transaction—one clearly not embraced by the pleadings, which evidence was erroneously admitted. By this unfortunate disregard of elementary rules of procedure, the cause was submitted to the jury on an issue not in the pleadings, under circumstances well calculated to prejudice the rights of the plaintiff. If the evidence touching this cash payment had been introduced without objection, the court below might have allowed the pleadings to be amended to conform to the proof, or this court might now allow such amendment; but timely and proper objections were interposed, which should have been sustained, and the answer amended, in order that the plaintiff might be advised of the facts relied on to defeat its confessed causes of action.

We think there was a substantial variance between the proof and the pleadings, a departure from universally recognized rules of procedure, which was prejudicial to the substantial rights of the plaintiff, and that the judgment and order appealed from should be reversed.

WHITING, J., taking no part in the decision.